

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 14 2011

CLERK, U.S. DISTRICT COURT
by _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANOVIA M. SAFFOLD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-961-A |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Now before the court is the motion for summary judgment filed in the above action by defendant, Kroger Texas, L.P. Plaintiff, Sanovia M. Saffold, filed nothing in response to the motion. Having now considered the motion, the entire summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

### Plaintiff's Claims

Plaintiff initiated this removed action by the filing on May 10, 2010, of her original petition in County Court at Law Number 1 in Tarrant County, Texas. Plaintiff claimed that on or about May 11, 2008, she was walking in a Kroger grocery store when she slipped in urine on the floor and fell. Plaintiff alleged that defendant failed to clean the floor or provide proper notice of

the spill, resulting in her sustaining serious physical injuries. Plaintiff alleged claims and causes of action against defendant for premises liability, negligence, and also alleged application of the doctrine of res ipsa loquitur.

## II.

### The Motion for Summary Judgment

Defendant argued for summary judgment on the grounds that: (1) plaintiff's negligence claim is barred as a matter of law; (2) plaintiff has no evidence to support the essential elements of her premises liability or negligence claims; and, (3) res ipsa loquitur does not permit an inference that defendant had actual or constructive knowledge of a condition on its premises.

## III.

### Undisputed Facts

The only undisputed facts alleged in support of the motion are as follows:

(1) Plaintiff believes the liquid substance that caused her to slip and fall was urine;

(2) Plaintiff does not know where the urine came from;

(3) Plaintiff does not know how long the urine was on the floor prior to the subject incident;

(4) Plaintiff does not know the last time a Kroger employee inspected the area where the incident occurred before her fall;

(5) Plaintiff does not know how much time elapsed between the time a Kroger employee last inspected

>                    the area where the incident occurred and the time
>                    that she fell;
>
> (6)  Plaintiff has no evidence that a Kroger employee
>      saw the urine on the floor before she fell.

Def.'s Mot. for Summ. J. and Br. in Supp. at 1 (footnotes omitted).

## IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its

3

case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

V.

Analysis

A.  Plaintiff Cannot Recover On Either Her
    Negligence or Premises Liability Claims

Defendant argued that plaintiff is not entitled to recover on her negligence claim because her claim arises from a condition of the premises, rather than an unsafe activity. The cases relied on by defendant, Keetch v. Kroger Co., 845 S.W.2d 262 (Tex. 1992), and Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749 (Tex. 1998), involve claims of negligent activity. Plaintiff here has alleged negligence and premises liability, but does not appear to have alleged a claim of negligent activity.[1]

---

[1] A claim of negligent activity requires a showing that the plaintiff was injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). Plaintiff here has not alleged that any activity of defendant caused her injury.

4

A negligence claim requires a plaintiff to establish a duty, and a breach of the duty that proximately caused the plaintiff's injury. Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). Premises liability is a "special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." Id.

In the instant action, the evidence establishes that plaintiff's status was as defendant's invitee, described as "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." Rosas v. Buddies Food Store, 518 S.W.2d 534, 536-37 (Tex. 1975). The owner or occupier of premises is not an insurer of its invitee's safety; rather, the owner/occupier owes an invitee the duty to exercise reasonable care to protect against dangerous conditions on the premises that are known or reasonably discoverable. Id.; Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).

Thus, to prevail on a claim of premises liability requires plaintiff to show that: (1) defendant had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) defendant's failure to use such care proximately caused the plaintiff's injuries. Id. (internal citations omitted).

5

Defendant argued that plaintiff's premises liability claim fails because she cannot establish at least the first required element, and her negligence claim similarly fails because she cannot prove that defendant breached any duty that proximately caused plaintiff's injuries. The court agrees.

A slip-and-fall plaintiff can satisfy the notice or knowledge element by establishing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002). Defendant has provided evidence in the form of plaintiff's deposition where she unequivocally testified to having no personal knowledge or other evidence concerning the source of the urine, how long it was on the floor, whether any of defendant's employees knew the urine was on the floor or knew how long it had been there, or the last time one of defendant's employees cleaned or inspected the area where she fell in the urine. The sum of plaintiff's testimony is that she has no evidence that defendant had actual or constructive knowledge of the unsafe condition--the urine on the floor--that allegedly caused her to fall. Stated differently, plaintiff admitted to having no evidence that any of defendant's

6

acts or omissions proximately caused her injuries. See <u>Western Invs., Inc.</u>, 162 S.W.3d at 550-51.

Because defendant has carried its initial burden to show the absence of evidence to support an essential element of plaintiff's claims, plaintiff's obligation at this point is to direct the court to summary judgment evidence that raises a genuine issue of material fact on that point. <u>Celotex</u>, 477 U.S. at 322-5. As plaintiff has failed to respond to the motion, no such evidence is before the court. Accordingly, the court concludes that summary judgment is warranted on plaintiff's premises liability and negligence claims.

B. <u>Res Ipsa Loquitur Does Not Apply</u>

<u>Res ipsa loquitur</u> is an evidentiary rule by which negligence may be inferred by the jury, rather than a separate cause of action. <u>Haddock v. Arnspiger</u>, 793 S.W.2d 948, 950 (Tex. 1990). Application of <u>res ipsa loquitur</u> is proper only when "(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." <u>Id.</u> It does not appear from plaintiff's petition that she intended to assert <u>res ipsa loquitur</u> as a separate cause of action, but instead intended to use the doctrine to bolster her negligence claim. The court's

7

resolution of plaintiff's negligence claim renders her reliance on <u>res ipsa loquitur</u> moot.

## VI.

### Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Sanovia Saffold, against defendant, Kroger Texas, L.P., be, and are hereby, dismissed with prejudice.

SIGNED October 14, 2011.

_____
JOHN McBRYDE
United States District Judge